UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANGELA GILDER-LUCAS,

      Plaintiff,

vs.

CASE NO.: 4:23-cv-_____-_____

MERRICK GARLAND, in his
official capacity as the United States
Attorney General, and the UNITED
STATES DEPARTMENT OF
JUSTICE  FEDERAL BUREAU
OF PRISONS,

      Defendants.

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

PLAINTIFF, ANGELA GILDER-LUCAS, (hereinafter "GILDER-LUCAS"), by and through the undersigned counsel, hereby files this Verified Complaint and Demand for Jury Trial against Defendants, MERRICK GARLAND, in his official capacity as United States Attorney General, and the UNITED STATES DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS (hereinafter referred to jointly as "DOJ"), and states:

**JURISDICTION**

1.     GILDER-LUCAS invokes this Court's jurisdiction under Title 28 U.S.C. §§ 1331 and 1343 on grounds that this action arises under Section 501 of the Rehabilitation Act of 1973, as amended, and Title 29 U.S.C. § 791 *et seq.*

2.     The venue of this action is properly placed in the United States District Court for the Northern District of Florida, Tallahassee Division, pursuant to Title 28 U.S.C. § 1391(e).

3.     At all times relevant, GILDER-LUCAS was employed by DOJ.

**PARTIES**

4.     The Plaintiff, ANGELA GILDER-LUCAS, is a 50-year-old, African-American citizen of Elmore County, Alabama, residing at 2929 Rose Hill Road, Millbrook, Alabama 36054.  At all times pertinent, GILDER-LUCAS was an employee for DOJ, as defined in 42 U.S.C. 2000(e), holding the position of Supervisor of Education, GS-12.

5.     The Defendant, MERRICK GARLAND, is the United States Attorney General. The Defendant, UNITED STATES DEPARTMENT OF

2

JUSTICE FEDERAL BUREAU OF PRISONS, is an agency of the United States of America.

## ADMINISTRATIVE REMEDIES

6.     On October 26, 2021, GILDER-LUCAS filed a formal Charge of Discrimination against DOJ with the EEO Office of the DOJ which was assigned BOP Complaint Number 2021-004757. GILDER-LUCAS appealed this claim to the United States Equal Employment Opportunity Commission where it was filed under EEOC Number 510-2022-000242X.

7.     On October 25, 2022, GILDER-LUCAS requested that the EEOC dismiss her Complaint of discrimination in order for her to file a case in United States District Court as permitted under *Brown v. Tomlinson*, 462 F. Supp. 16 DDC 2006 and, this Complaint is timely filed as it has been more than 180 days since the filing of the original complaints.

## STATEMENT OF THE FACTS

8.     Plaintiff began employment with the BOP in October 2012. Plaintiff held the position of Supervisor of Education, GS-12, at FCI Tallahassee in February 2019.

3

9.     In 2021, Plaintiff began experiencing mental health problems and sought medical help. Her treating physician diagnosed her condition as anxiety disorder caused by the hostile working environment she was experiencing at FCI Tallahassee. Anxiety disorder has been recognized as a disability under the ADA and Rehabilitation Act. Plaintiff's treating physician recommended a 30-day leave of absence and a geographical transfer.  Plaintiff is an individual with a qualified disability under the Rehabilitation Act.

10.     On May 10, 2021, Plaintiff, acting on advise of her treating physician, filed a Workers Compensation Claim with the United States Department of Labor (DOL).  DOL accepted her claim as an occupational disease.

11.     Plaintiff also requested a Reasonable Accommodation with BOP to be placed on paid leave, pursuant to the Family Medical Leave Act (FMLA). Her request was granted and she was placed on paid leave.

12.     On August 5, 2021, Plaintiff's paid leave expired and she was placed on Absent Without Leave or AWOL status, instead of Leave Without Pay, LWOP.  Plaintiff was not aware of this until August 23, 2021.

4

13.   While on initial FMLA paid leave Plaintiff sent Assistant Warden Debra Colon an email requesting an advancement of sick leave not to exceed 240 hours and if denied, place on LWOP upon expiration of her paid FMLA. Plaintiff also emailed Warden Erica Strong this same request regarding advanced sick leave and LWOP.

14.   Shellie Taylor, Human Resource Manager (HRM), FCI Tallahassee has acknowledged that Assistant Warden Colon placed Plaintiff on AWOL status even though she was aware of Plaintiff's request for Reasonable Accommodation from BOP and DOL's acceptance of Plaintiff's diagnosed condition.

15.   Assistant Warden Colon deliberately placed Plaintiff on AWOL status in retaliation for her prior EEO activity.

16.   HRM Taylor admits she tried to explain to Assistant Warden Colon that Plaintiff should be given time off due to her doctor's notes, but Colon  placed Plaintiff on AWOL.   Colon and Warden Strong refused to change this position until the Department of Labor ordered BOP to change AWOL to LWOP.  HRM Taylor believes Plaintiff may have been retaliated against because of her prior EEO activity.

5

17.    On November 22, 2021, Plaintiff's period of exended leave ended. Plaintiff's personal physician had cleared her to go back to work.  Instead of returning Plaintiff to work, Warden Strong again denied Plaintiff's Request for a Reasonable Accommodation under the Rehabilitation Act.

18.    Plaintiff requested a reassignment to a vacant position due to her mental-health issues. The DOL psychiatrist ordered that Plaintiff be removed from FCI Tallahassee.  Plaintiff's psychiatrist deemed FCI Tallahassee as a hostile-working environment.  When BOP stated there were no qualified vacant positions at FPC Montgomery,  Plaintiff requested the search  for a vacant position be expanded to include a position within 86 miles, or a tele-work position where she could work from her home or FPC Montgomery in Montgomery, Alabama.  These accommodations were denied.

19.    Warden Strong claims that the requests for Reasonable Accommodation were denied because Plaintiff's medical issues render her unable to perform the functions of her GS-12 position as Supervisor of Education in FCI Tallahassee.

20.    On December 20, 2021, BOP failed to place Plaintiff in a Management Analyst position in Washington that she could have performed

6

in Tallahassee or Montgomery, Alabama, as a Reasonable Accommodation. Plaintiff did not turn down any Management Analyst position offered. BOP says she turned down this position. Note: Plaintiff did turn down a GS-11 position with the U.S. Marshall because this position was in a different agency and a lower grade.

21.     On January 12, 2022, Warden Strong filled Plaintiff's position of Supervisor of Education with another employee.

## COUNT I
### UNLAWFUL DISCRIMINATION BECAUSE OF PHYSICAL DISABILITY IN VIOLATION OF § 501 OF THE REHABILITATION ACT OF 1973, AS AMENDED, 29 U.S.C. § 791 *et seq.*

22.     GILDER-LUCAS re-alleges and incorporates Paragraphs 1 through 21, above, as if set forth in full herein.

23.     GILDER-LUCAS is well-qualified for the position of Supervisor of Education.

24.     GILDER-LUCAS suffered adverse employment actions when DOJ, instead of providing reasonable accommodation, placed her on AWOL status and refused to allow her to work in another location and wrongfully

7

claimed she turned down other comparable positions of employment and filled her position, constructively suspending her employment.

25.    DOJ's actions give rise to an inference of discrimination because DOJ's actions against GILDER-LUCAS occurred only after she developed a disability.

26.    DOJ's actions against GILDER-LUCAS occurred only afer she engaged in EEO activity.

27.    DOJ's disparate treatment of GILDER-LUCAS was based on her disability.

28.    DOJ engaged in discriminatory acts with malice or with reckless indifference to GILDER-LUCAS's federally-protected rights. The discriminatory practice affected the terms and conditions of GILDER-LUCAS's employment.

29.    The reasons offered by DOJ for GILDER-LUCAS's forced leave are a pretext for discrimination on the basis of disability against GILDER-LUCAS.

30.    As a direct and proximate result of the violation of GILDER-LUCAS's rights, GILDER-LUCAS has suffered economic damages and is

entitled to compensatory damages, including, but not limited to: Loss of actual and potential income, emotional distress, mental anguish, mental pain and suffering, loss of the capacity for enjoyment of life, humiliation, loss of dignity, injury to reputation, and loss of savings and benefits.

31.     As a result of the discriminatory actions by DOJ and/or its agents, GILDER-LUCAS has been forced to hire an attorney to protect her rights and, as such, is entitled to recover reasonable attorney fees and the costs for bringing this action.

## COUNT II
### UNLAWFUL DISCRIMINATION AND RETALIATION BECAUSE OF PHYSICAL DISABILITY IN VIOLATION OF § 501 OF THE REHABILITATION ACT OF 1973, AS AMENDED, 29 U.S.C. § 791, *et seq.*

32.     GILDER-LUCAS re-alleges and incorporates by reference the allegations in Paragraphs 1 through 31, above, as if set forth in full herein.

33.     GILDER-LUCAS engaged in a protected activity when she requested reasonable accommodation for her disability.

34.     DOJ was aware that GILDER-LUCAS was engaging in a protected activity.

9

35. GILDER-LUCAS suffered adverse employment actions when DOJ, instead of providing reasonable accommodation, placed her on AWOL status and refused to allow her to work in another location and wrongfully claimed she turned down other comparable positions of employment and filled her position, constructively suspending her employment.

36. DOJ's disparate treatment of GILDER-LUCAS was based on retaliation for her request for reasonable accommodation.

37. As a direct and proximate result of the violation of GILDER-LUCAS's rights, GILDER-LUCAS has suffered economic damages and is entitled to compensatory damages, including, but not limited to: Loss of actual and potential income, emotional distress, mental anguish, mental pain and suffering, loss of the capacity for enjoyment of life, humiliation, loss of dignity, injury to reputation, and loss of savings and benefits.

38. As a result of the discriminatory actions by DOJ and/or its agents, GILDER-LUCAS has been forced to hire an attorney to protect her rights and, as such, is entitled to recover reasonable attorney fees and the costs for bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, ANGELA GILDER-LUCAS, demands judgment against the Defendants, MERRICK GARLAND and UNITED STATES DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS, and respectfully requests this Honorable Court for entry of its Order making GUILDER-LUCAS whole by awarding her the following relief:

A.    Actual damages in an amount to be determined at trial;

B.    Compensatory damages in an amount to be determined at trial;

C.    All attorney fees and costs of this action;

D.    Any such other and further relief as this Court deems just and equitable.

Plaintiff respectfully requests a trial by jury.

11

## VERIFICATION

I affirm under penalty of perjury that the foregoing document is true and correct to the best of my personal knowledge, information, and belief.

_____
ANGELA GILDER-LUCAS

Respectfully submitted,

_____
GARY LEE PRINTY
FL BAR ID NO. 363014
GARY LEE PRINTY ATTORNEY AT LAW
1804 Miccosukee Commons Dr., Ste. 200
Tallahassee, Florida 32308-5471
Telephone: (850) 877-7299
Fax: (850) 877-2211
Email: attygaryprinty@gmail.com

Attorney for Plaintiff,
ANGELA GILDER-LUCAS

12